UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 18-20364
    District Judge Victoria A. Roberts
    Magistrate Judge Anthony P. Patti

D-2: JARREAU MUNTU BULLOCK,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNT THREE OF THE FIRST SUPERSEDING INDICTMENT PURSUANT TO FED. R. CRIM. P. 14 (DOC. 73)**

**I.    INTRODUCTION**

At issue is whether Count Three of the First Superseding Indictment against Defendant Jarreau Muntu Bullock ("Bullock") should be severed under Federal Rule of Criminal Procedure 14.

On May 23, 2018, Bullock was arraigned on an indictment alleging three counts against him. Counts One and Two alleged conspiracy to possess with intent to distribute a controlled substance, while Count Three alleged that Bullock was a felon in possession of a firearm. On August 2, 2018, the United States Government issued a First Superseding Indictment that added Count Six, alleging conspiracy to possess with intent to distribute heroin. The First Superseding Indictment alleged that Bullock committed Counts One and Six in May of 2018; he allegedly committed Counts Two and Three on May 13, 2018.

Bullock moves to sever Count Three under Federal Rule of Criminal Procedure 14. His prior felony conviction is the underpinning of the charge; he says the jury's

1

knowledge of that conviction will unduly prejudice him and ultimately deny him his right to a fair trial.

For the reasons below, Bullock's motion is **DENIED**.

## II. BACKGROUND

The indictment arises out of a controlled traffic stop of Bullock and three of his co-defendants. In March of 2018, the Westland Police Department identified Clarence Thomas Weaver ("Weaver") as a potential supplier of cocaine in Wayne County, Michigan. The government says that Weaver was located in Georgia on May 10, 2018; the government believed that Weaver had gone to Georgia to deliver heroin.

The government coordinated a controlled traffic stop of Weaver's SUV upon his return to Michigan. Bullock was in the front passenger seat at the time of the stop. Michigan State Police searched the SUV and found guns and drugs in the rear storage compartment. The government contends that the guns were wrapped in a pair of black jeans belonging to Bullock. Moreover, the government says that the rear storage area of the SUV was accessible to its occupants.

The government says later investigation revealed that Bullock and Weaver had in fact gone to Georgia to deliver heroin to their co-defendant, Quincy Moore; the government claims that a search of Bullock's phone revealed text messages between him and Weaver planning the details of the trip.

Importantly, Bullock disputes that he possessed the guns; he says that nothing in discovery has shown that the jeans were his or that he had knowledge of the guns.

2

## III. DISCUSSION

Bullock says the felon in possession count should be severed under Federal Rule of Criminal Procedure 14. Under Federal Rule of Criminal Procedure 8(a), joinder of counts must be appropriate.

Federal Rule of Criminal Procedure 8(a) permits joinder of counts when they "are of the same or similar character or based on the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(a).

Federal Rule of Criminal Procedure 14(a) provides that the Court may order separate trials of counts if joinder prejudices either party. Fed. R. Crim. P. 14(a). The Court may also "provide any other relief that justice requires." *Id.* Importantly, "[t]he decision as to whether severance is appropriate is within the Court's broad discretion." *United States v. Abro*, No. 05-CV-90039-DT, 2006 WL 1791348, at *1 (E.D. Mich. June 27, 2016) (citing *United States v. Wirsing*, 719 F.2d 859, 864 (6th Cir. 1983)).

To prevail on a motion for severance "[a] defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Campbell*, No. 12-20054, 2013 WL 673713, at *3 (E.D. Mich. Feb. 25, 2013) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)); *see also United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (to justify severance, a defendant must show undue prejudice) (citing *United States v. McDonald*, 576 F.2d 1350, 1355 (9th Cir. 1978)).

Moreover, "even if [a] defendant established some potential prejudice or jury confusion, 'this must be balanced against society's need for speedy and efficient trials.'"

3

*United States v. Henderson*, No. 94-5645, 1995 U.S. App. LEXIS 5983, at *13 (6th Cir. Mar. 21, 1995) (quoting *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1983)).

Generally, a defendant must make a showing of substantial potential for prejudice to justify severance of a count that is logically connected to the other counts in an indictment. "Absent a showing of substantial potential for prejudice, all counts charged in the indictment are normally tried together where they all 'arose out of the same, uninterrupted series of transactions, making it highly efficient to try all of them together.'" *United States v. Henderson*, No. 94-5645, 1995 U.S. App. LEXIS 5983, at *13 (6th Cir. Mar. 21, 1995) (quoting *United States v. Joshua*, 976 F.2d 844, 847 (3d Cir. 1992)).

In support of his motion, Bullock contends that the felon in possession count should be severed because: (1) knowledge of his prior felony conviction will make the jury believe that he is a "bad man" and was predisposed to committing the drug offenses, prejudicing him and denying him his right to a fair trial; and (2) there is no evidence proving that he had knowledge of the guns.

As a threshold matter, trying all the counts against Bullock in one proceeding serves judicial economy; the counts "arose out of the same, uninterrupted series of transactions, making it highly efficient to try all of them together." *Henderson*, supra, at *13.

The felon in possession and drug counts are both temporally and logically connected; the guns and drugs were found together in the open rear storage compartment of the SUV that Bullock was a passenger in. Moreover, although Bullock denies having knowledge of the guns, the government alleges that Bullock's text

messages show that he and Weaver planned the details of the trip together. Finally, the government contends that Bullock received the guns as partial payment for the drugs; the government says that the guns were a key motivating factor in the overall scheme because Bullock could not buy guns as a convicted felon.

Given the government's theory of the case, the felon in possession and drug counts are intertwined; indeed, the guns were potentially tools of the drug trade. *See United States v. Chavis*, 296 F.3d 450, 459 (6th Cir. 2002) ("The 'tools of the trade' argument generally permits joinder only when the firearms charges and the drug charges are 'sufficiently connected temporally or logically to support the conclusion that the two crimes are part of the same transaction or plan . . . .'") (quoting *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987)); *see also United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (approving joinder where indictment alleged that drugs were used to finance weapons purchases, defendant was charged with possessing firearm in connection with narcotics, and testimony showed offenses occurred in same time frame).

Given the above, trying the counts against Bullock in one proceeding serves "society's need for speedy and efficient trials." *Henderson*, supra, at *13.

Finally, the Court is not persuaded that Bullock will be unduly prejudiced by the jury's knowledge of his prior felony conviction. Importantly, Bullock has the option of stipulating to his prior felony conviction, which will prevent the jury from knowing the nature of that conviction. *See Old Chief v. United States*, 117 S.Ct. 644, 647 (1997). Moreover, the jury will be given limiting instructions and told to consider each charge separately, which will mitigate any potential prejudice. *See Henderson*, supra, at *13

("Where jurors are so instructed, courts presume that the jurors understood and followed the directions given.") (quoting *United States v. Sivils*, 960 F.2d 587, 594 (6th Cir. 1992)).

IV. **CONCLUSION**

For the foregoing reasons, the Court finds it unnecessary to sever Count Three. Count Three is logically related to the other counts; moreover, Bullock failed to establish the "compelling, specific, and actual" prejudice necessary to justify severance. Any minimal prejudice that may result will be mitigated via jury instructions.

Bullock's Motion to Sever Count Three of the First Superseding Indictment is **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 11/20/18